Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>FASHION NOVA, INC., a California corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR**<br>  **1. DIRECT COPYRIGHT INFRINGEMENT**<br>  **2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>  **3. VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

Fabric Selection, Inc. ("FSI" or "Plaintiff"), through counsel, hereby prays to this honorable Court for relief against Fashion Nova, Inc. ("Fashion Nova" or "Defendant") and Does 1 through 10 based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district, a substantial part of the injury took place and

continues to take place in this district; and defendants are subject to the court's personal jurisdiction with respect to this action.

4. This Court has personal jurisdiction over Defendant Fashion Nova because the events or omissions giving rise to the claim occurred, the tortious acts occurred, and a substantial part of the injury took place and continues to take place in this judicial district and/or the Defendant can be found in this judicial district.

## PARTIES

5. Plaintiff FSI is a corporation organized and existing under the laws of the State of California with its principal place of business, in Commerce, California.

6. FSI is informed and believes, and thereon alleges, that Defendant Fashion Nova, is, and at all times relevant was, a California corporation with its principal place of business at 2801 East 46th Street in Vernon, California, and is doing business in and with the State of California.

7. FSI is informed and believes and thereon alleges that Defendants Does 1 through 10 (collectively with Fashion Nova, "Defendants") are other parties not yet identified who have infringed FSI's copyrights, have contributed to the infringement of FSI's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to FSI, which therefore sues said Defendants by such fictitious names, and will seek to leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. FSI is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently

ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of FSI's rights and the damages to FSI proximately caused thereby.

## CLAIMS RELATED TO DESIGN SR70112

9. Prior to the conduct complained of herein, FSI composed an original two-dimensional artwork for purposes of textile printing. FSI allocated the design its internal design number SR70112 (the "Subject Design").

10. The Subject Design an original creation of FSI and/or FSI's design team, and is, and at all relevant times, was owned exclusively by FSI.

11. FSI registered the Subject Design with the United States Copyright Office.

12. FSI is informed and believes and thereon alleges that, without FSI's authorization, Defendants created, sold, manufactured, caused to be manufactured, imported, and/or distributed fabric and/or garments comprised of fabric featuring a design which is identical to or substantially similar to the Subject Design. Such Infringing Products include, but are not limited to, garments bearing an illicit copy of the Subject Design demarcated "Sun Rays Floral Dress" (the "Infringing Product"), sold on *www.fashionnova.com* with labeling indicating such garments were sold by or for Fashion Nova.

13. Below is a comparison of the Subject Design and exemplar of the Infringing Product (detail and garment):

//

| SUBJECT DESIGN | INFRINGING PRODUCT |
|---|---|
| SR70112 | Detail |
|  |  |
|  | Garment  |

//

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

14. Plaintiff FSI hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

15. FSI is informed and believes, and thereon alleges, that Defendants infringed FSI's copyrights by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling the Infringing Product as shown in the screen captures above.

16. FSI is the exclusive owner of all rights, title, and interest in the Subject Design.

17. FSI never authorized Defendants to use, display, copy, or otherwise exploit the Subject Design in any way.

18. Due to Defendants' acts of infringement, Plaintiff has suffered irreparable harm and substantial damages to its business in an amount to be established at trial.

19. Due to Defendants' acts of infringement, FSI has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits Defendants would not otherwise have realized but for Defendants' infringement of the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

21. FSI is informed and believes and thereon alleges that Defendants have imported, manufactured, cause to be manufactured and/or sold the Infringing Products.

22. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Contributory Copyright Infringement - Against All Defendants)

23. Plaintiff FSI hereby realleges and incorporates by reference herein each and every allegation in the preceding paragraphs as though fully set forth herein.

24. On information and belief, FSI alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Designs as alleged hereinabove. Such conduct included, without limitation, creating derivative works, creating products which use the Subject Designs, and/or selling such derivative works and products and that that Defendants knew, or should have known, were not authorized to be published by Defendants.

25. Defendants had actual knowledge, and/or were aware of the facts and circumstances, surrounding the creation of the Infringing Products.

26. FSI alleges that Defendants committed contributory copyright infringement with actual knowledge or reckless disregard of FSI's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

27. By reason of Defendants' acts of contributory infringement as alleged above, FSI has been damages and has suffered damages in an amount to be established at trial.

28. Due to Defendants' acts of contributory copyright infringement as alleged herein, they have obtained direct and indirect profits they would not otherwise have realized but for their infringement of FSI's rights in the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to their infringement of the Subject Design, in an amount to be established at trial.

29. FSI is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of contributory copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, FSI will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

(For Vicarious Copyright Infringement – Against All Defendants)

30. FSI repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

31. On information and belief, FSI alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, profited in connection with the Infringing Products, and were able to supervise the reproduction, distribution, broadcast, and publication of the Infringing Products.

32. Defendants also have a direct financial interest in its suppliers' conduct, including with respect to the Infringing Products, because Defendants realize increased profits through the proliferation and dissemination of the Infringing Products through its retail business by disregarding the intellectual property rights of copyright holders such as FSI and saving money on licensing fees and costs with regard to the same.

33. FSI alleges that Defendants committed vicarious copyright infringement with actual knowledge or reckless disregard of its rights such that acts of vicarious copyright infringement were, and continue to be, willful, intentional, and malicious.

34. By reason of the Defendants', and each of their, acts of vicarious infringement as alleged above, FSI has suffered general and special damages in an amount to be established at trial.

35. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of FSI's rights in the Subject Design. As such, FSI is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of FSI's rights in the Subject Design, in an amount to be established at trial.

36. On information and belief, FSI alleges that Defendants, and each of them, have committed acts of vicarious copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their agents and employees be enjoined from infringing FSI's copyrights in any manner, specifically those for the Subject Design;

b. That FSI be awarded all profits of Defendants plus all losses of FSI, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

d. That FSI be awarded its attorneys' fees as available under the Copyright Act U.S.C. §§ 101, *et seq.*;

e. That Defendants, and each of them, account to FSI for their profits and any damages sustained by FSI arising from the foregoing acts of infringement;

f. That FSI be awarded pre-judgment interest as allowed by law;

g. That FSI be awarded the costs of this action; and

h. That FSI be awarded such further legal and equitable relief as the Court deems proper.

FSI demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: December 9, 2024          By:   */s/ Trevor W. Barrett*
                                       Trevor W. Barrett, Esq.
                                       Benjamin F. Tookey, Esq.
                                       DONIGER / BURROUGHS

Attorneys for Plaintiff